**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **No. 3:25cr201-9** |
| | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **CATHERINE LINDEN,** | : | |
| **Defendant** | : | |

**MEMORANDUM ORDER**

On September 30, 2025, Defendant Catherine Linden was indicted on one count of conspiracy to witness tamper, in violation of 18 U.S.C. § 1512(k), and one count of attempted witness tampering, in violation of 18 U.S.C. § 1512(b)(1). (Doc. 175 at 32–33). On November 25, 2025, Linden filed an omnibus pretrial motion containing eleven subparts, which are sparsely briefed and sometimes appear to concern a defendant other than Catherine Linden. (Docs. 233, 251). The court addresses and denies each in turn.

## I. Motion for Brady[1] material

Linden moves for the prosecution to be required to reveal exculpatory material. (Doc. 233 at 1). As the government explains, (Doc. 255 at 9), it was reminded by a magistrate judge of its Brady obligations at Linden's arraignments

[1] Brady v. Maryland, 373 U.S. 83 (1963).

(as is standard procedure in federal court), and it will produce exculpatory material if such is identified. Id. The motion for Brady material will be denied as moot.

## II. Motion to Require Government to Reveal Agreements with Witnesses

Linden moves for the government to reveal any agreements between any agent or agency of the government and any government witness. (Doc. 233 at 2). Under Third Circuit precedent, such material may be withheld until the day that the witness testifies. United States v. Higgs, 713 F.2d 39, 42–44 (3d Cir. 1983). The government states that it will likely supply such information three days before trial, per its custom, but will produce it no later than the deadline set by law. (Doc. 255 at 10). As this matter is not yet set for trial, Linden's motion will be denied.

## III/IV/V. Motion to Disclose the Identity of the Government's Informants, to Require Their Presence at Trial, and to Disclose Their Whereabouts for Purposes of a Subpoena

Linden moves for the government to disclose the identity of its informants, to require their presence at trial, and to disclose their present whereabouts. (Doc. 251 at 3). The government argues that Linden has not shown a need for immediate disclosure of this information. (Doc. 255 at 14); see United States v. Jiles, 658 F.2d 194, 197 (3d Cir. 1981). The court agrees. Linden argues that

she believes the confidential informant will testify that Linden "has been mistakenly identified" in the superseding indictment. (Doc. 251 at 3). And so, Linden states, "[t]he presence of the informant/sources is crucial to [her] defense." Id. If that is true, and the informant attends trial at the behest of the government, it is not necessary for Linden to learn more about the informant ahead of trial, as any testimony would be exculpatory. The government assures the court that if it does not intend to call the informant at trial, the government will provide Linden with the informant's contact information for a subpoena before trial. (Doc. 255 at 16). As trial is not yet scheduled in this matter, the motion will be denied.

## VI. Motion for Investigative Funds

Linden moves for funds to hire a "criminal investigator" and a "presentence investigation expert," invoking her indigency as support. (Doc. 251 at 5–6). Normally, a criminal defendant requests such funds "in an ex parte application," 18 U.S.C. § 3006A(e)(1), not an omnibus pretrial motion visible to all parties. Ex parte proceedings allow defense to explain its need for funding without "prematurely revealing its theory of the case to the government." United States v. Battista, Crim. No. 22-192, 2026 WL 1661659, at *7 (E.D. Pa. June 9, 2026) (quoting United States v. Robinson, 95 F.3d 1153 (6th Cir. 1996) (table) (citation modified)). As to a criminal investigator, Linden's professes a need to interview

"several potential witnesses who have relevant information." (Doc. 251 at 5). Such general terms disable the court from understanding the need for providing investigation funds. And with no visibility into Linden's financial situation, the court is unable to assure itself "that [Linden] is financially unable to obtain" the services she alleges to need. § 3006A(e)(1). Furthermore, Linden has not been convicted on her charges, so there is no need for a "presentence investigation expert." The requests will be denied.

**VII. Motion to Suppress Illegally Obtained Statement / Confession**

Linden seeks to suppress statements she made while in illegal custody and subject to custodial interrogation. (Doc. 251 at 10). This argument appears to be related to a different defendant than Linden, and the motion will be denied.

**VIII. Motion to Suppress Confession of Co-Defendant**

Linden "believes, and therefore avers" that the government "intends to enter into evidence an incriminating statement/confession of one (1) or more of her alleged co-defendants." Id. at 11. Linden seeks to prohibit such statements' admission. Id. at 11–12. The government "is unaware of any post-arrest confession or admission made by any co-defendants that would implicate . . . Linden." (Doc. 255 at 19). The motion will be denied.

## IX. Motion to Compel Early Disclosure of Jencks Act Material

A criminal defendant is entitled to prior statements of a government witness "[a]fter [the] witness . . . has testified on direct examination." 18 U.S.C. § 3500(b). Linden seeks pretrial discovery of such statements. (Doc. 251 at 12). While such pretrial discovery may occur in connection with certain hearings, such as for suppression or detention, see FED. R. CRIM. P. 26.2(g), no such hearing applies here. And so, the general rule that the court may not compel early disclosure, United States v. Murphy, 569 F.2d 771, 773 (3d Cir. 1978), must be followed. The motion will be denied.

## X. Motion Related to Armed Career Criminal Act

Linden's motion related to the Armed Career Criminal Act, 18 U.S.C. § 924(e), is irrelevant to these proceedings and will be denied.

## XI. Motion to Set Bail

Linden moves to reopen her detention hearing because "at any time before trial," such reopening may occur "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will be reasonably assure the appearance of such person as required and the safety of any other person and the community." (Doc. 251 at 15 (citing 18 U.S.C § 3142(f)(2)). But Linden offers no facts to allow the court to understand how her

situation is different than what was known to Magistrate Judge Caraballo when he denied Linden's bond. Id. at 15–17. The motion will be denied.

For the reasons stated herein, it is hereby **ORDERED** that Linden's pretrial motions, (Doc. 233), are **DENIED** in part and **DENIED AS MOOT** in part, in accordance with this memorandum order.

**Date:** 11/23/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**